UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGGORY D. HARRIS,

Plaintiff,

v.

DISTRICT COURT JUDGE AYOUB et al.,

Defendants.

Case No. 1:25-cv-515

Hon. Hala Y. Jarbou

**OPINION**

This is a civil rights action brought under 42 U.S.C. § 1983 by a person who, at the time of filing, was detained at the Kent County Correctional Facility awaiting his criminal trial. Plaintiff Greggory D. Harris sues eight defendants: Kent County Prosecuting Attorney Christopher R. Becker, Assistant Prosecutors Daniel O'Hara and Unknown Smeshinger, Defense Attorneys Charles M. Ayres and Andrew J. Rodenhouse, Grand Rapids Police Department Detective Brandon Romero, Kent County Circuit Court Judge Paul J. Denenfeld and 61st District Court Judge Nicholas S. Ayoub. Each defendant played some role in investigating, prosecuting, or presiding over Plaintiff's criminal proceedings or in attempting to defend him.

This matter is now before the Court on several motions: the motion of Defendants Becker and Smeshinger to dismiss (ECF No. 10), and the motion of Defendants Denenfeld and O'Hara to dismiss (ECF No. 17), the motion of Defendants Ayoub and Romero to dismiss (ECF No. 26), and the motion of Defendant Rodenhouse for summary judgment (ECF No. 32). Moreover, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 5.) Section 1915(e)(2) provides that the court must dismiss an *in forma pauperis* party's complaint at

any time if the court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will grant Defendants' motions and dismiss this action on the ground that Plaintiff has failed to state a claim upon which relief may be granted.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. The events about which he complains, however, occurred while he was detained at the Kent County Correctional Facility.

In Plaintiff's complaint, he alleges that on December 1, 2023, he appeared before Judge Ayoub for a preliminary examination on a murder charge. (Compl., ECF No. 1, PageID.4.) The prosecuting attorney was Defendant O'Hara; Plaintiff was defended by appointed counsel, Defendant Ayres. (*Id.*) Defendant Romero offered as evidence against Plaintiff "false/perjured testimony" based on the statements of witness Michael Donell James. (*Id.*) Mr. James alleged that he had personally witnessed Plaintiff stab victim Larone Crenshaw in the chest. (*Id.*) Plaintiff claims that Defendant Romero knew the testimony was false based on prior statements from Mr. James and the video footage of the incident. (*Id.*)

Plaintiff claims that Defendants Ayres and Rodenhouse failed to present the impeaching statement and video, first at the preliminary examination and then at Plaintiff's trial. (*Id.*, PageID.4–5.) Defendant Rodenhouse also failed to adequately cross-examine Defendant Romero to elicit his admission that Mr. James's testimony was false. (*Id.*, PageID.5.)

Plaintiff claims that his preliminary examination prosecutor Defendant O'Hara and his trial prosecutor Defendant Smeshinger both knew they were presenting false testimony. (*Id.*) Plaintiff

claims that Defendant Ayoub, at the preliminary examination, and Defendant Denenfeld, at the trial, violated Plaintiff's constitutional rights by relying on the false testimony. (*Id.*)

On October 2, 2025, a Kent County Circuit Court jury convicted Plaintiff of second-degree murder.[1] On January 7, 2026, the trial court imposed a sentence of 30 to 45 years' imprisonment.

Plaintiff seeks relief from the unjust judgment and damages for the emotional, mental, and psychological stress that his wrongful incarceration has wrought. (*Id.*, PageID.7, 8.)

## II. *Heck* Doctrine

The habeas corpus statute offers relief to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Until the judgment of sentence is entered, however, relief under 28 U.S.C. § 2254 is not available. *See, e.g., Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence[;] . . . [t]he sentence is the judgment." (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)))); *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (concluding that final judgment does not occur "until after conviction and the imposition of sentence." (emphasis added)).

Once the judgment of sentence is entered, when a prisoner challenges the fact or duration of his confinement based upon an allegedly invalid conviction or sentence, his sole remedy is a petition for habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner

---

[1] *See* https://www.kentcountymi.gov/1036/Search-Court-Records (select Criminal Case Search, enter First Name "Greggory," Last Name "Harris," and Year of Birth "1967," complete reCAPTCHA, select Search Criminal Cases, select Case Number 23-12491-FC) (last visited Aug. 19, 2026). It is well established that a court may take judicial notice of the proceedings of other courts, including their docket reports. *Chase v. MaCauley*, 971 F.3d 582, 587 n.1 (6th Cir. 2020).

who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of [42 U.S.C.] § 1983.”).

The Sixth Circuit Court of Appeals recently elaborated on when a prisoner must use habeas corpus under these authorities:

> A clear and consistent two-part rule emerges from this precedential backdrop. Prisoners can “use only habeas corpus” if “they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State’s custody.”

*Kitchen v. Whitmer*, 106 F.4th 525, 539 (6th Cir. 2024) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). Plaintiff does not explicitly seek release; but his arguments concerning Defendants’ constitutional violations necessarily imply “the unlawfulness of the State’s custody” over him. Thus, Plaintiff must pursue the relief he seeks in a habeas corpus petition.

Moreover, the Supreme Court has held that claims for declaratory relief and monetary damages that necessarily imply the invalidity of the punishment imposed are not cognizable under § 1983 until the conviction or sentence has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The *Edwards* Court relied upon *Heck*, which held that “in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been” overturned. *Edwards*, 520 U.S. at 646 (emphasis omitted) (citing *Heck*, 512 U.S. at 486–87). As the Supreme Court has stated, “[t]hese cases, taken together, indicate that a state prisoner’s § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner’s suit (state conduct leading to conviction or internal prison proceedings)—if success in that action

would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81–82.

Here, Plaintiff seeks monetary damages based on improprieties in his criminal trial that necessarily call into question the validity of his convictions and sentence. Under those circumstances, unless and until that judgment is invalidated, Plaintiff cannot obtain the relief he seeks. Therefore, Plaintiff has failed to state a § 1983 claim upon which relief may be granted,[2] and his § 1983 claims are properly dismissed.

**Conclusion**

The Court finds that Plaintiff's complaint fails to state a claim on which relief may be granted. Accordingly, the Court will grant Defendants' motions to dismiss

A judgment consistent with this Opinion will be entered.

Dated: August 21, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

[2]A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *Kitchen*, 106 F.4th 525, 534 n.4 (6th Cir. 2024) (stating "[o]ur court, following the Supreme Court's lead, has phrased *Heck* challenges in terms of whether a § 1983 claim is 'cognizable,' which likely implies that a *Heck* challenge more properly sounds in failure to state a claim").